# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VALERIE MARIE SOTELO,

        Plaintiff,

    vs.                                      No. CIV 98-0515 JC/DJS

CITY OF ALBUQUERQUE and DONNA GEORGE,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER came on for consideration of Plaintiff's Motion For Second Amended Complaint, filed October 16, 1998 *(Doc. 28)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's motion is well taken and will be granted.

### Factual Background

Plaintiff is an inmate at the Bernalillo County Detention Center ("BCDC"). Plaintiff claims a former guard at BCDC, Defendant Donna George, physically and sexually abused her. Plaintiff claims BCDC knew of Ms. George's abusive proclivities and was aware that other inmates had been abused. *See* Complaint at 4 ("Donna George was a homosexual who preyed on the inmates, and despite the fact that Donna George had physically and psychologically abused other inmates, [BCDC] refused to remove Donna George.").

### Analysis

Plaintiff seeks to amend her First Amended Complaint by adding a claim for the negligent operation of a building. *See* Plaintiff's Motion Ex. 1, p. 13 ("Eighth Claim for Relief"). Plaintiff

argues N.M. STAT. ANN. § 41-4-6 waives the immunity government entities and public employees are entitled to under the New Mexico Tort Claims Act. Defendants oppose the amendment, arguing that § 41-4-6 does not apply to an abusive jailer, making the claim for negligent operation of a building futile.

N.M. STAT. ANN. § 41-4-6 waives governmental immunity for "damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." The New Mexico courts have interpreted this section very broadly.

In *Callaway v. New Mexico Dep't of Corrections*, 117 N.M. 637 (Ct. App), *cert. denied*, 118 N.M. 90 (1994), the Court of Appeals found a waiver under § 41-4-6 when prison officials allowed a group of dangerous inmates to come in contact with other inmates. The Court of Appeals highlighted that prior New Mexico Supreme Court cases had rejected the requirement that there be a physical defect on the premises, and stated that:

> The plaintiff states a claim sufficient to waive immunity under this section because the Defendants knew or should have known that roaming gang members with a known propensity for violence had access to potential weapons in the recreation area, that such gang members created a dangerous condition on the premises of the penitentiary, and that the danger to other inmates was foreseeable.

*Callaway*, 117 N.M. at 642-643.

Similarly, in *Castillo v. Santa Fe County*, 107 N.M. 204 (1988), the New Mexico Supreme Court determined that allegations of loose-running dogs on the common grounds of a county-owned public housing project stated a claim against the county because the allegations included a contention that the county was or should have been aware of the danger, and the danger was foreseeable.

Additionally, in *Baca v. New Mexico*, 121 N.M. 395 (Ct. App.), *cert. denied* 121 N.M. 375 (1996), a horse trainer was injured at the state fair by security officers who were told by fair personnel to eject the trainer for failing to pay the admission fee. The trainer had entered the fair grounds thinking he was entitled to free admittance. The court found that the fair's policy of requiring security officers to blindly follow the fair employees' instructions, when coupled with the negligence of a parking attendant and her supervisor, created a dangerous condition on the fairground that fell within the waiver of § 41-4-6. *See Baca*, 121 N.M. at 397-98. The court highlighted that a § 41-4-6 waiver only required that there be a condition on the premises and that the condition create a danger to the public. *Id.*

In this case, if Plaintiff's allegations are true, the assaultive and abusive guard may very well be viewed as a condition on the BCDC premises--a condition that could be a danger to the general prison population and is similar to the condition that existed at the state fair. Thus, at this juncture I cannot say Plaintiff's claim for negligent operation of a building is futile based on governmental immunity argument. I will allow Plaintiff to amend her complaint.

IT IS HEREBY ORDERED that Plaintiff's Motion For Second Amended Complaint, filed October 16, 1998 (Doc. No. 28) is **granted**.

DATED this 3rd day of December, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:      Anthony James Ayala
                             Albuquerque, New Mexico

Counsel for Defendants:   Jeffrey L. Baker
                             The Baker Law Firm
                             Albuquerque, New Mexico